## Welton, for use of Fords, v. Littlejohn, Gardner et al., Appellants.

*Mortgage—Promissory note—Assignment—Opening judgment.*

Where a mortgage is executed to secure negotiable promissory notes, and is assigned to innocent holders of the notes for value before maturity, and without notice of any defence, a judgment entered upon the mortgage cannot be opened on the ground that the consideration for the notes had failed.

Argued April 24, 1894. Appeal, No. 48, Jan. T., 1894, by defendants, from order of C. P. Crawford Co., Sept. T., 1892, No. 119, refusing to open judgment. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

The following opinion was filed by HENDERSON, P. J.:

" The mortgage upon which this action was brought was given to secure the payment of certain promissory notes therein referred to. The notes were given to secure a part of the purchase money of certain oil property sold by U. C. Welton and E. O. Emerson to the mortgagors Littlejohn and F. R. Gardner, wife of D. Gardner. The notes were negotiated before maturity for value, to G. H. & R. N. Ford. The mortgage sued upon was assigned at the same time to said indorsees. A scire facias having been issued on the mortgage and judgment having been entered thereon, the mortgagor Littlejohn now asks to have the judgment opened as to himself for the reason that the consideration for the notes received by the mortgagee had failed in part, and that it be stricken off as to F. R. Gardner for the reason that she was dead at the time the judgment was entered. The notes having been regularly negotiated before maturity, the indorsees took them free from any defence which the makers might have set up against them in the hands of the payee. The mortgage being the security given for the payment of the notes, the holders thereof have the right to proceed on it to enforce payment of the notes, and as the makers of the notes could not make defence against the indorsees in a suit on the notes, they ought not to be permitted to do so indirectly by attacking the

security which gives value to the notes. As between the petitioner and the plaintiffs there is no equity which entitles him to the relief sought. If he have any cause of complaint against the payee of the notes he can secure redress in an action. The judgment was taken in conformity to the terms of the mortgage, and the plaintiffs are entitled to the benefits of the security which it affords. I make no comment on the evidence relating to the transaction out of which the mortgage and notes grow, as that question may come up again. It is sufficient now to determine that as against the equitable plaintiffs the petitioner is not entitled to be heard on the defence set up.

" The evidence and record show that F. R. Gardner died before judgment was entered on the warrant of attorney. The judgment as to her cannot be sustained therefore. Judgment cannot be rendered against the dead : Hays v. Ins. Co., 99 Pa. 626.

" The rule to open the judgment as to J. R. Littlejohn and D. Gardner is discharged and the rule to strike off the judgment as to F. R. Gardner is made absolute."

*Error assigned* was above order.

*W. E. Rice* and *Pearson Church, W. D. Hinckley* with them, for appellants.—A mortgage is not a negotiable instrument, and an assignee of a mortgage takes it subject to all defences that it was subject to in the hands of the assignor : Wheeler v. Hughes, 1 Dal. 23 ; Rider v. Johnson, 20 Pa. 190 ; Horstman v. Gerker, 49 Pa. 282 ; Ashton's Ap., 73 Pa. 153 ; Earnest v. Hoskins, 100 Pa. 551 ; Morgan's Ap., 126 Pa. 500 ; Stephens v. Weldon, 151 Pa. 520 ; Baily v. Smith, 14 Ohio, 396 ; Olds v. Cummings, 31 Ill. 188.

While the purchaser of a note, before maturity, without notice, will be protected against all defences to the note, still, if it is secured by mortgage or other collateral security, the assignment will not cut off prior equities against the mortgage or collateral fund, although they might be secret and latent : Walker v. Dement, 42 Ill. 272 ; Ellis v. Sisson, 96 Ill. 105 ; Towner v. McClelland, 110 Ill. 542 ; Johnson v. Carpenter, 7 Minn. 120 ; Hostetter v. Alexander, 22 Minn. 559 ; Bouligny v. Fortier, 17 La. An. 121.

*Roger Sherman,* for appellees.—We do not claim that the mortgage is negotiable. We do claim that it, being nothing more than a security for the payment of a debt, passes with the debt and is affected by all of the characteristics of the debt it was given to secure. If it had been a non-negotiable note which this mortgage was given to secure, then the mortgage, as well as the debt, would have been open to all defences. Being given, however, to secure a negotiable note, the security is affected with the character of this debt in precisely the same way, not being negotiable of itself, but passing, by operation of law, along with the debt it was given to secure: Douglass v. Bank, 4 W. N. 163; Bank v. Eyer, 58 Pa. 97; Story's Eq. Jurisp. § 1250; Riddle v. Mandeville, 5 Cranch, 322. See also McLaren v. Watson's Exr's, 26 Wend. 425, and Carpenter v. Longan, 16 Wal. 271.

OPINION BY MR. JUSTICE FELL, July 12, 1894:

The mortgage upon which judgment was obtained was executed by the makers of negotiable promissory notes, and pledged by them to secure the payment thereof. It was assigned by the payees to the plaintiffs when they became purchasers of the notes.

Suit was brought on the mortgage, and judgment regularly entered after service and appearance; and it was not in dispute that the plaintiffs were innocent holders of the notes for value before maturity and without notice of any defence.

The application of the defendant, J. R. Littlejohn, to open the judgment in order that he might be let into a defence to the mortgage, had no equitable basis unless it appeared that he had a defence to the plaintiff's claim on the notes. It was addressed to the judge sitting as a chancellor, and there was no ground for action by him in the absence of evidence of an equity founded on a just defence to the plaintiff's claim.

As he presented no defence, and could make none, the rule was properly discharged.

The judgment is affirmed.