# Beatty *v.* Koons, Appellant.

*Promissory notes—Judgment note—Defense—Opening judgment.*

Where a nonnegotiable note is executed as security for the payment of a negotiable promissory note, and the promissory note is subsequently indorsed over for a valuable consideration before maturity. without notice of any defense, a defense which cannot be set up against the promissory note after the indorsement, cannot be set up against the judgment note, or the judgment entered thereon.   Welton v. Littlejohn, 163 Pa. 205, followed.

Argued Oct. 9, 1913.   Appeal, No. 35, Oct. T., 1913, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1912, No. 679, discharging rule to open judgment in case of John Eckstein Beatty to the use of Albert L. Pleibel v. Frederick S. Koons.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that on November 28, 1910, the defendant executed a promissory note as follows:

" $680.xx/100          PHILADELPHIA, Nov. 28, 1910.

"Four months after date I promise to pay to the order of John Eckstein Beatty Six hundred & eighty &

no/100 Dollars at Third National Bank.   Without defalca-
tion for value received.

"FREDERICK S. KOONS.

"Endorsements:
  "JOHN ECKSTEIN BEATTY,
  "ALBERT L. PLEIBEL."

On the same day he executed a judgment note as
security for the promissory note as follows:

"$680.xx/100           PHILADELPHIA, Nov. 28, 1910.

"Four months . . . . after date, I promise to Pay to
the order of John Eckstein Beatty Six hundred and
eighty xx/100 Dollars without defalcation, value received,
with interest.

"And further, I do hereby authorize and empower
any attorney of any court of record of Pennsylvania,
or elsewhere to appear for and enter judgment against
me for the above sum, with or without declaration, with
costs of suit, release of errors, without stay of execu-
tion, and with 5 per cent. added for collecting fees; and
I also waive the right of inquisition on any real estate
that may be levied upon to collect this note, and do
hereby voluntarily condemn the same, and authorize
the Prothonotary to enter upon the Fi. Fa. said volun-
tary condemnation, and I further agree that said es-
tate may be sold on a Fi. Fa., and I . . . . hereby
waive and release all relief from any and all appraise-
ment, stay or exemption laws of any State, now in force,
or hereafter to be passed.

"FREDERICK S. KOONS (L. S.)
  "Witness: IDA O. POOLE.

"ENDORSEMENT.

"For valuable consideration I hereby assign, transfer
and set over unto Albert L. Pleibel all my right, title
and interest in and to the moneys due or to become due
on this note and I order and direct the maker Frederick

S. Koons to pay the said moneys unto the said Albert L. Pleibel.

"Witness my hand and seal this 30th day of January, 1911.

"JOHN ECKSTEIN BEATTY (Seal)."

The promissory note was indorsed for a valuable consideration before maturity and without notice of any defense.

On the rule to open the judgment the defendant alleged that payments made had not been credited, and that the notes represented usurious interest.

The court discharged the rule.

*Error assigned* was order discharging rule to open judgment.

*John W. Best*, for appellant, cited: Spencer v. Halpern, 62 Ark. 595; Towner v. McClelland, 110 Ill. 542; Milton Nat. Bank v. Beaver, 25 Pa. Superior Ct. 494; Aniba v. Yeomans, 39 Mich. 171; Becker v. Hart, 120 N. Y. Supp. 270.

*Henry A. Craig*, for appellee, cited: Welton v. Littlejohn, 163 Pa. 205; Lancaster County Nat. Bank v. Garber, 178 Pa. 91; Johnson County Savings Bank v. Koch, 38 Pa. Superior Ct. 553.

OPINION BY HENDERSON, J., February 20, 1914:

The evidence taken by the appellant in support of the rule to open the judgment does not impeach the bona fides of the appellee as the holder of the promissory note given by the defendant to the legal plaintiff. The evidence is clear and direct that the note was indorsed for a valuable consideration before maturity without notice of any defense. It is clear, therefore, that in an action brought on that note by the indorsee the defendant could not set up the transactions relied on by way

of defense. It is equally clear that the note on which the judgment was entered was given as collateral security for the payment of the promissory note. The case is, therefore, within the principle stated in Welton v. Littlejohn, 163 Pa. 205. There the collateral security was a mortgage on which a judgment had been obtained which judgment one of the mortgagors sought to have opened to permit him to show that the consideration for the notes for which the mortgage was security had failed in part. It was held, however, that as the mortgage was security for a negotiable obligation against which the defense could not be interposed because the promissory notes had passed into the hands of third parties before maturity for a valuable consideration without notice of the defense proposed it was not permissible in a proceeding on the mortgage to introduce evidence which would not be competent in an action by the holder of the notes. If the security is to be available to the payee or indorsee or bearer of a negotiable instrument it should carry with it the same exemption from defense which attaches to the obligation for which it is security. On this ground alone the action of the court below was justifiable and the same result might have been reached on a consideration of the merits of the defense set up. There is not such an exhibition of an equitable right in the defendant as would authorize us to hold that the court is chargeable with an abuse of discretion in discharging the rule. It follows that there was not reversible error in the action of the court in refusing the petition of the defendant for a decree setting aside the order of January 31, 1913, and discharging the rule to show cause why the judgment should not be opened.

The decree is affirmed.